# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JERRY CLAYTON**
        **Petitioner,**

   **v.**                                 **Case No. 05-C-0500**
                                                  **(Criminal Case No. 01-CR-147)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Jerry Clayton has filed a motion to vacate his sentence (presumably though not explicitly) under 28 U.S.C. § 2255. In the motion, he contends that his lawyer provided ineffective assistance of counsel. He also requests discovery and production of various documents and transcripts, as well as permission to proceed in forma pauperis.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, I must preliminarily examine the motion in order to determine whether petitioner may be entitled to relief. Petitioner's motion is insufficient for me to make this determination. Rule 2(b) of the Rules Governing Section 2255 Proceedings requires a § 2255 movant to plead facts supporting his claims. Ellzey v. United States, 324 F.3d 521, 524 (7th Cir. 2003). In his motion, petitioner makes vague allegations of ineffective assistance of counsel but fails to set forth sufficient facts to support his claims. Likewise, petitioner fails to establish "good cause" for the taking of discovery, Rule 6(a) of the Rules Governing Section 2255 Proceedings, or to explain why the production of transcripts is necessary to decide the issues raised in his motion, 28 U.S.C. § 753(f). See also United States v. Carvajal, 989

F.2d 170 (5th Cir. 1993) (declining to allow petitioner to "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255"); Sellers v. United States, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004) (declining to allow discovery that "would not resolve any factual disputes that could entitle him to relief"); Hall v. United States, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998) (quoting Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("'Petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'").

I will afford petitioner an opportunity to flesh out his claims and justify his requests. I will also advise petitioner that, because the motion presents issues substantively within 28 U.S.C. § 2255, ¶ 1, I will consider it under that provision. United States v. Evans, 224 F.3d 670, 675 (7th Cir. 2000); see also Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001). I further advise petitioner that characterization of this motion as a § 2255 motion could preclude later collateral proceedings. Under § 2255, ¶ 8, a second or successive motion must be certified as provided in § 2244 by a panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In light of this warning, I will provide petitioner with the opportunity to clarify or withdraw his motion, or add any other arguments for collateral relief, in addition to correcting the deficiencies identified above. Evans, 224 F.3d at 675. Because this is petitioner's first

2

collateral attack, its characterization as a § 2255 motion will not preclude the court from addressing his claims.

Finally, petitioner has moved for permission to proceed in forma pauperis. However, § 2255 motions carry no filing fee. Therefore, he does not require such permission to proceed with his motion. If and when I determine that the production of transcripts would be appropriate under § 753(f) I will assess whether petitioner qualifies under 18 U.S.C. § 3006A.

**THEREFORE, IT IS ORDERED** that petitioner may file an amended motion within **30 days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED** in part as moot and in part without prejudice.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge