# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERRY CLAYTON
               Petitioner,

      v.                                  **Case No. 05-C-0500**
                                            **(Criminal Case No. 01-CR-147)**

UNITED STATES OF AMERICA
               Respondent.

## <u>ORDER</u>

On May 4, 2005, petitioner Jerry Clayton filed a motion (1) to vacate and set aside his sentence, (2) for discovery and production of documents and transcripts, and (3) to proceed in forma pauperis. I reviewed the motion to vacate under Rule 4(b) of the Rules Governing Section 2255 Proceedings and found it insufficient. Petitioner made vague allegations of ineffective assistance but failed to provide supporting facts. However, rather than returning the motion pursuant to Rule 2 or dismissing it, on May 9, 2005, I issued an Order granting petitioner 30 days to amend the motion to correct the deficiencies. Because the motion to vacate was not specifically denominated a § 2255 motion, I also provided petitioner with the warnings required by <u>United States v. Evans</u>, 224 F.3d 670 (7th Cir. 2000) and <u>Henderson v. United States</u>, 264 F.3d 709 (7th Cir. 2001), and advised him that I would consider the motion under § 2255. I further noted that petitioner had failed to establish "good cause" for the taking of discovery, Rule 6(a) of the Rules Governing Section 2255 Proceedings, or to explain why the production of transcripts was necessary to decide the issues raised in his motion, 28 U.S.C. § 753(f). However, I also provided him

with an opportunity to justify such requests in an amended submission. Finally, I denied petitioner's request to proceed in forma pauperis in part as moot (because § 2255 cases carry no filing fee) and in part without prejudice (because he had not shown why the production of transcripts would be appropriate under § 753(f)).

Petitioner has responded to my May 9 Order, and I now issue the following Order denying the motions and dismissing the case.

## I. MOTION TO VACATE

### A.  Characterization of Motion

In his response to my May 9 Order, petitioner contends that his motion is not a § 2255 motion. Rather, he states that it is an assertion of his First Amendment right to petition for redress of grievances. (Response [R. 3] ¶ 2.) However, the Seventh Circuit has held that: "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Petitioner's motion attacks the performance of trial counsel and challenges the conviction and sentence. This is ground covered by § 2255. Therefore, I will analyze the motion under § 2255.

### B.  Analysis of Motion

#### 1.  Standard of Rule 4 Review

As the Seventh Circuit recently stated in Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005):

> A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records

2

of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶2. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Rule 4(b) of the Rules Governing Section 2255 Proceedings (2003). "[A] hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995). "The district court is entitled to consider all the circumstances in the record in determining whether a hearing should be afforded." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989) (quoting Day v. United States, 357 F.2d 907, 910 (7th Cir. 1966)).

**2.    Application to the Present Case**

In the present case, petitioner makes various claims attacking his plea, sentence and counsel. Because petitioner did not appeal, he has procedurally defaulted any claims that his plea was involuntary or his sentence unlawful, and he makes no showing of cause or prejudice such that those claims may be considered now. See United States v. Frady, 456 U.S. 152 (1982). To the extent that petitioner bases his claims on the alleged ineffectiveness of his counsel, his claims may be heard on collateral review. See Massaro v. United States, 538 U.S. 500 (2003); see also Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating that to establish claim of ineffective assistance defendant must show (1) that counsel's performance was deficient, and (2) that counsel's errors prejudiced the defense). Nevertheless, as discussed below, because petitioner's claims are speculative, conclusory and contrary to the record, they must be denied without a hearing.

•    Petitioner states that there are a multitude of facts that warrant a downward departure and reduction of his sentence. (Motion [R. 1] ¶ 3.) However, he fails to state what any of these facts are, much less to explain how they would entitle him to a sentence reduction on collateral review. Thus, the claim will be denied without a hearing.

3

• Petitioner states that there are a host of unresolved PSR issues that were the proximate cause of his enhanced sentence. (Motion ¶ 4.) Again, he fails to state what those issues are or to explain how they affected the sentence. Thus, this claim too will be denied.

• Petitioner states that he advised his lawyer of the contested PSR issues but counsel failed to investigate or present his arguments to the court, thus allowing the court to rely on incorrect material. (Motion ¶ 5.) Again, without an explanation of the issues he is talking about, petitioner cannot obtain a hearing or collateral relief based on a claim of ineffective assistance. See Menzer v. United States, 200 F.3d 1000, 1003 (7th Cir. 1999) ("To demonstrate that counsel's performance is deficient, the defendant must establish the specific acts or omissions of his counsel which he alleges constitute ineffective assistance.").

• Petitioner states that he has Apprendi issues that contributed to his sentence but again he fails to specify how his sentence violated Apprendi, which is fatal to his claim. (Motion ¶ 6.) Moreover, petitioner's sentence of 151 months was less than the 20 year default maximum sentence applicable to one convicted of distributing any quantity of cocaine, see, e.g., United States v. Martin, 287 F.3d 609, 615 (7th Cir. 2002), much less the potential life sentence applicable to those, like petitioner, convicted of distributing 50+ grams of crack cocaine, 21 U.S.C. § 841(b)(1)(A). For the same reason, counsel was not ineffective for failing to argue Apprendi.

• Petitioner states that his lawyer failed to investigate or consider defense strategy. (Motion ¶ 7.) Even assuming this is true, in order to obtain relief petitioner must

4

demonstrate how the omitted investigation could have changed the outcome, <u>United States v. Rodriguez</u>, 53 F.3d 1439, 1449 (7th Cir. 1995), which he has not done.

• Finally, petitioner states that his plea was unknowing and involuntary because:

a) his lawyer failed to investigate and browbeat petitioner and his wife until petitioner agreed to plead;

b) his lawyer never tried to develop a good relationship with him and instead chose to coerce a plea and ignore the <u>Apprendi</u> issues;

c) his lawyer harangued him to cooperate with the government and plead, and alluded to government witnesses available to testify against him;

d) his lawyer never allowed him to see the discovery and evidence against him and so he had to rely on counsel;

e) his lawyer withheld exculpatory evidence from him, which, had it been presented to the court, would have resulted in a lower sentence;

f) counsel failed to present his <u>Apprendi</u> issues; and

g) counsel was disrespectful of petitioner and his wife.

(Motion ¶ 8.) All of these claims fail. First, petitioner assured the court that no one had threatened him into pleading guilty and that he was satisfied with his lawyer. (R. 21 at 11-12.) Such statements are entitled to presumption of verity, <u>United States v. Loutos</u>, 383 F.3d 615, 619 (7th Cir. 2004), which petitioner has not overcome. Second, as noted above, petitioner has failed to explain what <u>Apprendi</u> issues he had, so I cannot conclude either that his plea was invalid or that counsel was ineffective. Third, although petitioner

5

expressed some hesitation during the plea hearing because he had not seen or heard certain tapes, he agreed to go forward with the plea after the government explained what the evidence showed.  (R. 23.)  The Seventh Circuit has held that a guilty plea entered by a defendant who does not see the prosecution's hand in advance will still be voluntary if the plea follows disclosure of an adequate factual basis.  United States v. Underwood, 174 F.3d 850, 854 (7th Cir. 1999).  Fourth, petitioner fails to explain what the exculpatory evidence his lawyer allegedly withheld is, which dooms that aspect of the claim.  Finally, even if counsel was incompetent, in order to show prejudice petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The Seventh Circuit has held that a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice.  United States v. Cieslowski, 410 F.3d 353, 359 (7th Cir. 2005).  Rather, the defendant must go further and present objective evidence that a reasonable probability exists that he would have gone to trial. Id.  Petitioner has failed to do so here.

Therefore, all of petitioner's claims in support of vacating his conviction and sentence must be denied pursuant to Rule 4.[1]

---

[1]In ¶ 13 of the motion, petitioner states that but for counsel's lack of proper representation it is reasonable to believe that the court would have done justice in his case. He also cites Strickland, Cronic and another case concerning ineffective assistance. However, he makes no specific claim in this paragraph.  To the extent he does, the claim must be denied for lack of specifics.

6

## II.  MOTION FOR PRODUCTION

Petitioner states that he has not been able to obtain necessary documents from his lawyer.  (Motion ¶ 9.)  However, he fails to explain how counsel's failure to provide such documents impacts upon his conviction or sentence.  He also fails to provide any authority for production at this stage.

Petitioner next states that unless the court intervenes and orders production of various documents held by trial counsel, the government, the probation office, and others, he will be prevented from perfecting his pleading and will be denied his right to petition for redress of grievances.  (Motion ¶ 10.)  Again, he fails to explain why production of these documents is necessary.[2]  Absent such a showing, he is not entitled to free production. See, e.g., United States v. Fleming, No. 98-5246, 1999 U.S. App. LEXIS 2287, at *4-5 (6th Cir. Feb. 9, 1999) (affirming denial of motion to provide an indigent prisoner with free copies of various documents filed in his criminal case and unsuccessful appeal because he made no showing of need); United States v. Carvajal, 989 F.2d 170 (5th Cir. 1993) (declining to allow petitioner to "conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255"); United States v. Zimmerman, No. 93-6278, 1993 U.S. App. LEXIS 19938, at *1-2 (4th Cir. Aug. 2, 1993) (affirming denial of production of various court records because petitioner failed to show need for them); United States v. Miller, No. 92-7243, 1993 U.S. App. LEXIS 6215, at *1-2 (4th Cir. Mar. 24, 1993) (affirming denial of motion to produce documents because an indigent is not entitled to free copies merely to comb the record in the hope of discovering

_____

[2]I note that in response to a request in the cover letter accompanying petitioner's motion to vacate the Clerk of Court sent petitioner a copy of the docket sheet.

7

some flaw); <u>Sellers v. United States</u>, 316 F. Supp. 2d 516, 523 (E.D. Mich. 2004) (declining to allow discovery that "would not resolve any factual disputes that could entitle him to relief"); <u>Hall v. United States</u>, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998) (quoting <u>Munoz v. Keane</u>, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ("'Petitioners are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'"), <u>appeal dismissed</u>, 187 F.3d 632, 1999 U.S. App. LEXIS 27310 (4th Cir. 1999); <u>United States v. Anderson</u>, No. 2:94cr163, 1997 U.S. Dist. LEXIS 3567, at *8-9 (E.D. Va. Mar 14, 1997) ("Moreover, there is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents.").

Next, petitioner states that he is indigent and cites cases in which courts ordered production of transcripts for indigent defendants. (Motion ¶ 11.) However, these cases did not concern collateral attacks. <u>See</u> <u>United States v. Rosales-Lopez</u>, 617 F.2d 1349, 1355 (9th Cir. 1980) (stating that on re-trial after mistrial defendant is entitled to transcript of prior proceeding); <u>United States v. Johnson</u>, 584 F.2d 148, 157 (6th Cir. 1978) (noting that defendant is generally entitled to transcript of prior proceeding on re-trial); <u>United States v. Banks</u>, 369 F. Supp. 951, 953 (M.D. Tenn. 1974) ("The instant case is neither a collateral attack of a sentence via 28 U.S.C. § 2255, nor an appeal, thus taking it outside the purview of § 753."). A § 2255 petitioner has the right to a copy of the trial transcript only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); <u>see also</u> <u>Sistrunk v. United States</u>, 992 F.2d 258, 259 (10th Cir. 1993)

8

(stating that an indigent defendant does not have an absolute constitutional right to a free transcript in a collateral proceeding). Although petitioner states that it is "critically necessary" that he have copies of various transcripts and other documents (Motion ¶ 12), he has made no showing that such production is necessary. Therefore, the motion for production is denied.

### III. RESPONSE TO MAY 9 ORDER

In his response to the May 9 Order, petitioner objects to my characterization of the motion to vacate as insufficient. He states that there are unresolved PSR issues that will result in a different offense level and criminal history. (Response ¶ 3.) However, he again fails to explain what those issues are, despite being given an opportunity to clarify his claims. He also cites Blakely and Booker/Fanfan, but those cases are not retroactively applicable to petitioner's sentence. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005).

In ¶¶ 4-7 of the response, petitioner objects to the manner in which I characterized his requests for production, but he provides no specifics supporting his requests. In ¶ 8, petitioner states that he can show a violation of his rights under Apprendi based on "indeterminate amount" and "non-specificity." Presumably, he refers to drug type and amount. However, petitioner's indictment specified both – he distributed more than 50 grams of crack cocaine. (R. 1.) The balance of ¶ 8 consists of a repeat of his vague attacks on counsel, which I have already rejected. In ¶¶ 9-10 plaintiff states that he has a right to the requested documents, but as noted above, there is no such right on collateral attack.

9

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motions are **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

10